*Bennett, for appellants.*
*Burnam, Lilly, for appellees.*

---

GEO. A. THOMAS & WIFE *v.* MARGARET NAYLOR'S ADMR.

**Gifts—Acquisition by Donee.**

A deed of gift, duly recorded, held to be a binding contract of conveyance, in the absence of undue influence or improper constraint.

**Wills—Undue Influence.**

A contract of conveyance, held to be valid, where the donor was not

improperly influenced, but acted from motive of kindness and attention from the donee, before death of donor.

APPEAL FROM ADAIR CIRCUIT COURT.

October 18, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

Although the death of Mrs. Margaret A. Naylor probably occurred much sooner than either she or the appellants contemplated when the contract of March 19th, 1868, was executed, and the contingent and uncertain consideration therein expressed was therefore of less pecuniary value than they expected, yet we do not perceive any sufficient grounds for setting this contract aside. Though in reduced and declining health, Mrs. Naylor appears to have possessed ample capacity to exercise the right of disposing of her property as she pleased; and there is not sufficient evidence of constraint or improper influence or fraud on the part of the appellants to induce her to dispose of it as she did. The proof is is conclusive of her attachment for her step-daughter, Mrs. Thomas, whose kindness and attention to her seems to have been very commendable, and it is fair to presume that affection and gratitude to her, as well as a sense of justice, or purpose of remuneration, prompted the fixed purpose which she certainly entertained of bestowing her small estate, in some form, on the appellants. And although in consequence of some dissatisfaction of her step-son, Parker Naylor, she at one time assented to the suggestion of Mrs. Garrett to cancel the contract, and the appellant, George A. Thomas, seems to have gone in good faith to procure the deed for that purpose, when she was informed it had already been recorded, she expressed her satisfaction that it had, and elected to continue the contract in force, as with the assent of the appellant, she had a perfect right to do.

It seems to us, therefore, that the court erred in its judgment setting the deed aside, and for the recovery of the property against its provisions.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Winfrey, for appellant.

Baker, Garnett, for appellees.